# GENERAL SCHUYLER INSURANCE CO. v SHUSTICK et

Ohio Appeals, 2nd Dist, Franklin Co

No 3392. Decided Nov 17, 1941

Russ Bothwell, Columbus, for plaintiff-appellee.

Alex S. Dombey, Columbus; R. E. Leasure, Zanesville, for defendants-appellants.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Municipal Court of the City of Columbus in favor of the plaintiff and against the defendants in the sum of $581.50.

The plaintiff insurance company paid to the owners of a building at 548 West State Street, Columbus, Ohio, the sum of $581.50 by way of adjustment of a claim which said owners had against plaintiff because of loss suffered by reason of a fire on the roof of the building at the aforesaid address, the owners being the insured in a policy of fire insurance in which the plaintiff was the insurer. By reason of the payment of said sum, plaintiff was subrogated to the rights of the owners of the building and instituted its action against the defendants named in the caption and Sam Weisenberg and claimed that the defendants had negligently set fire to said building by means of a gasoline blow torch which was used in the repair by defendants upon and about the roof of the building. The defendants Shusticks answered by general denials. Weisenberg did not answer prior to the time of trial but during the trial counsel for the other defendants took leave to file an answer for him. Upon the trial it developed that Weisenberg was the employee of the defendants Shusticks, admitted to be acting in that capacity at the time of the fire and upon motion was dismissed as party defendant, plaintiff electing to proceed against the other defendants.

We find no assignments of errors except as we glean them from the brief of counsel for appellants. They are not numbered nor stated in the brief except by way of argument but may be epitomized as follows:

(1) That the court erred in admitting the testimony of C. W. Ogburn, Assistant Chief, Fire Department, City of Columbus, as to statements made to him by Sam Weisenberg as to the cause of the fire.

(2) In the giving to the jury before argument plaintiff's special charge No. 8.

Chief Ogburn was called as a witness in behalf of plaintiff and was interrogated relative to the fire and the cause thereof. He stated that in his opinion it originated on the outside of the slate roof of the building in or about a tin gutter which was very close to the slate roof. Defendants Shusticks, by Weisenberg were doing tinning repair work on the building, the exact nature and extent of which does not appear. It is testified that in the work which was being done a blow torch was customarily employed and the chief stated that he saw such a torch about the building on the date of the fire, but he could not state that it was on the roof. The witness stated that he talked to a man at the scene of the fire whom he did not positively identify but from the record identified to be Mr. Weisenberg, and the following question was put and answer made,

"What did he (Weisenberg) tell you about the cause of the fire?

"He told me that he had been repairing the roof and that he was using the torch and heating irons for doing solder work, and that was what started the fire."

On cross-examination, it appeared that the statement of Mr. Weisenberg was made upon investigation by the Chief to determine the cause of the fire; that such investigations are generally made right after a fire is knocked down to keep it from spreading and that this was the procedure adopted in the instant case and that Weisenberg made his statement "right after we knocked the fire".

The record is silent as to the time which elapsed from the arrival of the witness at the scene of the fire and the statement of Weisenberg and, likewise, silent as to the time which elapsed from the discovery of the fire until the statement of Weisenberg. Counsel objected to the reception of the testi-

mony which the court received as being a part of the res gestae and when Weisenberg was dismissed as a party defendant counsel for defendants moved that this testimony be taken from the jury, which motion was overruled. The court admitted the testimony "because it was so close to the time of the fire that it would be part of the res gestae".

We are of opinion that the testimony under the circumstances ▮▮ appearing in the record was not competent. It was cleary hearsay and to be accepted must come within some exception to the hearsay rule. The facts ▮▮ which bring it within the exception must appear to the court who passes upon its competency. Hearsay statements to be admissible as part of the res gestae must be made at a time so close ▮▮ to the occurrences with which they are associated that it must be inferred that they are a part of the transaction, or, if made thereafter it must appear that they are so related as that it may be said that they are the spontaneous expressions which emanate from and are caused by the transaction concerning which the statements are made. These essentials of res gestae have long been recognized and the only variance to be found in the cases is in their application to the facts appearing. Here the statements of Weisenberg were made upon interrogation of the Fire Chief at a time when the fire had been practically extinguished. There is an insufficiency of fact to permit the inference to be drawn that the statements were anything more than a narration of a past occurrence.

Professor Wigmore says of res gestae that the exposition of this exception to the hearsay rule "is to be approached with a feeling akin to despair". 3 Wigmore, Evidence, Par. 1745. In 10 Ruling Case Law, 974, **Ohio Jurisprudence, page 343**, it is said:

"The term may be broadly defined as meaning matter incidental to the main fact and explanatory of it; including acts and words which are so closely connected therewith as to constitute a part of the transaction, and without a knowledge of which the main fact might properly be understood. * * * They are incidents of the act, and not the act itself."

The latest exposition on the subject is found in two recent opinions of our Supreme Court, **Bake v Industrial Commission, 135 Oh St 627**, and **Dugan v Commission, 135 Oh St 652**, in which the first syllabus of each case is:

"The admissibility of a statement under the doctrine of res gestae depends upon its having been spontaneous or impulsive. It need not be strictly contemporaneous with the incident to which it relates, but should be in the nature of an exclamation and not a narrative of a past event."

See also **Miles v Industrial Commission, 23 Abs 456**.

The testimony here under consideration, in so far as we can determine, was a narrative of a past event. True, the event may have occurred but a short time before the statement but it does not appear that it was spontaneous or impulsive. Whether or not it would be possible upon further development of the true situation to so connect the statements to the occurrence to which they relate as that they might be held to be part of the res gestae, we can not say. The mere fact ▮▮ that the statements were made in response to questions is not in itself sufficient to preclude their reception as we have held in **Dowd-Feder Co., Inc. v Truesdell, 17 Abs 648**.

The court at the request of counsel for the plaintiff charged the jury as follows:

"If you find from the evidence that defendants were using a blow torch in the repairing of the building, and you find that the fire started from the progress of repairs and that reasonable

circumstances were such that the fire was not accounted for in some other way, then your verdict must be in favor of the plaintiff."

It is said that this charge is taken from the **Reliance Insurance Company v Pohlking, 60 Oh Ap 156.** We would hesitate to say, assuming that all the testimony offered was competent, that this charge under the facts developed in this case as given was prejudicially erroneous. However, inasmuch as the cause will be remanded, we would suggest that if it be desired that the charge be given that it be reformed so that the jury would be required to say that they found that the fire was caused by the use of the blow torch in making repairs to the building. As now framed, it permits the jury to find for the plaintiff, if it found that the fire started from the progress of repairs, whereas, the essential is that it started from the use of the blow torch. It would be not difficult to conceive a set of circumstances wherein this charge would be entirely improper. We do not find any undue burden was put upon the defendant by reason of the latter part of the charge.

Appellant urges that, if it be determined that the testimony of the Assistant Fire Chief respecting the statements of Weisenberg was not admissible, then there is no evidence in the record upon which a verdict of plaintiff could be predicated and the judgment should be entered in this court for defendants-appellants.

The facts concerning the fire were narrated by witnesses. As we have before observed they are meager and we see no reason why they should not have been more extended. However, defendant, Abe Shustick, was on the stand and on cross-examination these questions were put and answers made:

"You know roofing tools include a blow torch, don't you?
Yes, sir.

And you sent Sam out there in response to Goldie's order to repair the roof, did you not?
Yes, sir.

And you knew it was necessary to apply heat to make these repairs, did you not?
Yes, sir.

And you know that the fire occurred at the time Sam was out there, don't you?
Yes, sir.

Regardless of what Sam told you or whether you went out there, however, you do know yourself that a fire occurred there and at that time a blow torch was being used?
Yes, sir."

In our judgment, these answers and particularly the last in conjunction with the other facts appearing are sufficient to permit the plaintiff to have his case presented to the jury upon the issue as to the cause and origin of the fire.

For the reasons heretofore stated the judgment will be reversed and cause remanded for further proceedings according to law.

GEIGER, PJ., concurs in judgment.
BARNES, J., concurs in judgment.